# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. CR612-005 |
| ) | |
| ANTONNIO LAMONT MURRAY ) | |

## ORDER

Following the Court's denial of Murray's original *ex parte* motion for funding to hire a DNA expert (doc. 61),[1] he has tendered two additional motions, the second of which more thoroughly explains why the appointment of an expert is necessary to his defense. (Docs. 70 & 72.) The government, according to Murray, recovered DNA evidence from a beverage can discovered in the home of one of his alleged kidnapping victims. (Doc. 72 at 1.) In order to refute that evidence, he needs an expert. The government does not object to such testing.

---

[1] Since Murray's latest filings are not under seal, the Court sees no reason to maintain his initial motion as sealed. The cat is out of the bag. Accordingly, the Clerk is **DIRECTED** to unseal his first motion for appointment of a DNA expert. (Doc. 60.) Since the order denying that motion (doc. 61) addressed a separate matter, it shall remain under seal until the conclusion of this case.

(Doc. 74 at 1-2.)

The Court **GRANTS** Murray's motions, since he has shown that the services of a DNA expert are necessary for adequate representation.[2] Nevertheless, the Court **DENIES** his request for funding of "not less than $5,000." (Doc. 72 at 2.) The burden is upon the defendant to show that he requires services of an unusual character and duration. Absent such a showing, he cannot exceed the $2400 statutory maximum. 18 U.S.C. § 3006A(e)(3). Murray has failed to offer any explanation for his $5,000 request, nor has he suggested that he has made any effort to locate an expert willing to perform the analysis for a fee that does not exceed the statutory cap. The Court, therefore, is not inclined to seek approval from the Chief Judge of this Circuit for excess payment, a step required by § 3006A(e)(3).

---

[2] An indigent defendant is entitled to public funding for the services of an expert when he establishes that such services are "necessary for adequate representation." 18 U.S.C. § 3006A(e)(1); see *United States v. Mentzos*, 462 F.3d 830, 839 (8th Cir. 2006) (citing *United States v. One Feather*, 702 F.2d 736, 738 (8th Cir. 1993) ("[T]he defendant bears the burden of demonstrating that [the expert's] services are necessary to an adequate defense.")); *United States v. Sanchez*, 912 F.2d 18, 22 (2d Cir. 1990) (same) (citing *United States v. Norwood*, 798 F.2d 1094, 1100 (7th Cir. 1986)); *United States v. Greschner*, 802 F.2d 373, 376 (10th Cir. 1986); *United States v. Valtierra*, 467 F.2d 125, 126 (9th Cir. 1972).

Counsel, then, is authorized to spend up to $2400 for the services of a forensic DNA expert. He may obtain the appropriate CJA forms for payment of the expert's expenses directly from the Clerk.

**SO ORDERED** this 18TH day of June, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA