FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2013 JAN -7 AM 10: 03

CLERK _____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CR 612-05 |
| ANTONIO LAMONT MURRAY ) | |
| aka "Mont", ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PRELIMINARY ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As the result of a Jury verdict finding the Defendant, Antonio Lamont Murray, (hereinafter, the "Defendant") guilty of all counts of the Superseding Indictment, convicting him of one count of Conspiracy to Kidnap in violation of 18 U.S.C. § 1201(c) (Count One), two counts of Kidnaping in violation of 18 U.S.C. § 1201(a)(1) (Counts Two and Three), three counts of Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) and (C) (Counts Four, Five and Six), and one count of Obstruction of Justice in violation of 18 U.S.C. § 1512(c)(2) (Count Eleven), the Defendant shall forfeit to the United States all right, title and interest in approximately $1,876.00 in United States Currency (hereinafter the "Subject Property"), seized from the home of the Defendant on January 22, 2012.

2. The Court has determined that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and that the government has established the requisite nexus between such Property and such offense, thus the Defendant shall forfeit to the United States same;

3. Upon entry of this Order, the United States Marshals Service or its designee, is authorized to seize the above-mentioned Property, whether held by the Defendant or by a third party,

and to conduct any discovery proper in identifying, locating or disposing of the Property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

5. The United States shall publish notice of the order and its intent to dispose of the Property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Property.

6. Any person, other than the above named Defendant, asserting a legal interest in the Property may, within sixty (60) days of the first date of publication of notice or within thirty (30) days of receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) as incorporated by 18 U.S.C. § 2253(b).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third-party asserting an interest in the Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Property, the time and circumstance of the petitioner's acquisition of the right, title or interest in the Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney, Brian T. Rafferty, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31401.

\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

This __7th__ day of __January__ 2013.

_____
HONORABLE B. AVANT EDENFIELD
JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Prepared by: Brian T. Rafferty
Assistant United States Attorney
New York Bar No. 2809440
P.O. Box 8970
Savannah, GA 31412
U.S. v. Antonio Lamont Murray, CR612-5

3